FILED

2021 May-14  PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GADDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00460-CLM-SGC |
| | ) | |
| CHAD WOODROUF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on April 13, 2021, recommending this action be dismissed without prejudice pursuant to the three strikes provision of 28 U.S.C. § 1915(g) and advising the plaintiff of his right to file specific written objections within fourteen (14) calendar days.  (Doc. 3).  The plaintiff submitted one set of objections to the report and recommendation directly.  (Doc. 8).  He also submitted multiple other sets of objections that originally were docketed either as petitions for writ of habeas corpus or as notices in separate actions.  *See Gaddis v. Cornelius*, No. 21-0565 (N.D. Ala. filed Apr. 22, 2021); *Gaddis v. Cornelius*, No. 21-0582 (N.D. Ala. filed Apr. 26, 2021).  Those submissions subsequently were re-docketed as objections to the report and recommendation pending in this action.

(Docs. 9-13); *see also Gaddis v. Cornelius*, No. 21-0565 at Doc. 5; *Gaddis v. Cornelius*, No. 21-0582 at Doc. 2.[1]

To the extent they are comprehensible, the plaintiff's objections largely are devoted to repeating the substantive allegations of the complaint. However, the plaintiff asserts several objections that warrant discussion. First, the plaintiff asserts the three strikes rule should not apply here because the events underlying the complaint occurred on the streets of Talladega when the plaintiff was no more than a citizen, as opposed to in a prison in which the plaintiff was a prisoner. (Doc. 8 at 1). This objection is meritless. Section 1915(g) provides "[i]n no event shall a prisoner bring a civil action or appeal" if on three or more occasions he has brought a suit that qualifies as a strike. 28 U.S.C. § 1915(g). "The use of the word 'bring' offers a clear indication that the provision goes into effect – and bars suit under the *in forma pauperis* section – at the moment the plaintiff files his complaint or notice of appeal." *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010); *see also Dollar v. Coweta Cnty. Sheriff Office*, 510 F. App'x 897, 900 (11th Cir. 2013) ("Our published decisions have consistently looked at the time of filing when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis*."). In

---

[1] Since entry of the report and recommendation, the plaintiff also has filed the following in this case: (1) a motion requesting that he be placed in a witness protection program out of state, (2) a witness list, (3) a motion seeking an injunction related to the substantive allegations of the complaint, and (4) a notice that largely repeats the substantive allegations of the complaint. (Docs. 4-7).

other words, it is not the plaintiff's custody status at the time of the alleged events underlying a civil action that matters for purposes of applying the three strikes rule but, rather, his custody status at the time he commences the action.  The undersigned also notes the three strikes rule is not limited to civil actions involving prison conditions.  *See Lefkowitz v. Citi-Equity Grp., Inc.*, 146 F.3d 609, 612 (8th Cir. 1998) (holding "the phrase 'civil action or appeal' is not limited to challenges to conditions of confinement, and encompasses . . . commercial litigation"); *Woodruff v. Wyoming*, 49 F. App'x 199, 203 (10th Cir. 2002) (rejecting argument to the contrary on the ground the plain language of the statute does not limit itself to litigation regarding prison conditions); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *1 n.6 (S.D. Miss. Nov. 21, 2006) (holding three strikes rule applied to action that was "not the type of § 1983 suit typically referred to as '§ 1983 prisoner litigation,' i.e., conditions of confinement").

Second, the plaintiff asserts the three strikes rule should not apply here because he did not proceed *in forma pauperis* in his prior suits that have been dismissed as implausibly pleaded.  (Doc. 8 at 1-2).  There is no legal basis for the plaintiff's objections: strikes may be accrued in civil actions regardless of whether a prisoner has prepaid the filing fee or is proceeding *in forma pauperis*.  *Duvall v. Miller*, 122 F.3d 489, 490 (7th Cir. 1997); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Burghart v. Corrs. Corp. of Am.*, 350 F. App'x 278, 279 (10th Cir.

2009); *Byrd v. Shannon*, 715 F.3d 117, 122-24 (3d Cir. 2013).  Moreover, there is no factual basis for the plaintiff's objection: he was granted *in forma pauperis* status in the three cases cited by the magistrate judge as the basis for invoking the three strikes rule.  *See Gaddis v. Ledbetter*, No. 16-0348 at Doc. 3 (N.D. Ala. filed Feb. 29, 2016); *Gaddis v. Andrijeski*, No. 16-0682 at Doc. 3 (N.D. Ala. filed Apr. 27, 2016); *Gaddis v. Yant*, No. 16-1973 at Doc. 3 (N.D. Ala. filed Dec. 9, 2016).

Third, the plaintiff questions the magistrate judge's finding he has failed to allege facts demonstrating he is "under imminent danger of serious physical injury" and alleges this district court is using the three strikes rule to ignore a wide-ranging conspiracy being carried out in Talladega County, Alabama.  (*See, e.g.,* Doc. 8 at 4). In determining whether the exception to the three strikes rule applies, courts consider whether a plaintiff has alleged facts demonstrating he is "under imminent danger of serious physical injury" at the time he commences a civil action, as opposed to at the time of the alleged events underlying the action or at some other time in the past. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Owens v. Centurion Med.*, 778 F. App'x 754, 757 (11th Cir. 2019).  Moreover, the facts alleged to support application of the exception must be plausible and not vague, conclusory, or merely speculative.  *O'Connor v. Sec'y, Florida Dep't of Corrs.*, 732 F. App'x 768, 770 (11th Cir. 2018); *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020).  The allegations made by the plaintiff fall short of making a plausible demonstration he

4

faced imminent danger at the time he commenced this action.  The undersigned also notes "[t]he alleged merits of [a plaintiff's] [underlying] claims are irrelevant to the determination of whether the three-strikes rule bars him from proceeding *in forma pauperis*."  *Green v. Mitchell*, 2021 WL 707161, at \*2 (N.D. Tex. Jan. 25, 2021), *report and recommendation adopted*, 2021 WL 693653 (N.D. Tex. Feb. 23, 2021); *see also Bishop v. Sargent Dischner*, 16 F. App'x 891, 894 (10th Cir. 2001) ("The 'three strikes' provision is a filing prerequisite and must be applied whenever it is deemed appropriate under the express terms of the statute, regardless of whether the underlying claims may be meritorious.").

Finally, the plaintiff asserts the magistrate judge's recommendation that this action be dismissed before he has been afforded an opportunity to pay the filing fee is in error.  (*See, e.g.,* Doc. 8 at 3, 6).  The Eleventh Circuit has flatly rejected this argument.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "[t]he prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status" but, rather, "must pay the filing fee at the time he *initiates* the suit").

For the foregoing reasons, the court **OVERRULES** the plaintiff's objections. Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation.  Because the plaintiff failed to pay the filing and administrative fees of $402.00 at the time he commenced this action, the

court will **DISMISS** this action **WITHOUT PREJUDICE**.   The plaintiff may

initiate a new civil rights action by completing and filing a new civil rights complaint

form and paying the filing and administrative fees of $402.00.

   **DONE** this May 14, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE